Chief Justice Shakkey. .
In this case two errors are assigned and relied on as sufficient to reverse the judgment. First, that the court erred in the charge to .the jury, and second, that the motion for a new trial was erroneously overruled.
The parties who seek a reversal of the judgment were sued as endorsers of a promissory note.. By the first bill of exceptions it appears that the plaintiff below instead of introducing proof of demand and notice, introduced a witness to prove facts which made demand and notice unnecessary. Walker, the witness, stated that the note sued on was given to him for part of the pur *560 chase money agreed to be given for a lot of ground sold by him to Moore and Emanuel. That after the sale and before the notes were given, the defendants informed him that they had sold part of the lot to the other defendants, Hunt, Littlejohn & Pugh, and that it was agreed that H., L., & P. should become responsible to him for their portion of the purchase money, they giving their note for the amount, and Moore and Emanuel to give their note for their portion, and that the two parties, purchasers, should become mutual endorsers for each other. The witness said he was willing to this arrangement so that they should all be bound to him. That he assented to it and received the notes so endorsed, and had considered the whole of them bound to him for the whole amount. This was the only evidence the plaintiff introduced, and thereupon the court charged the jury that if Moore and Emanuel were partners in the purchase, and that the note and endorsement was only a mode of payment, then there was no necessity of notice.
In this instruction we think there was error. It was altogether competent for the vendor and vendees to change the nature of the contract or the nature of the security to be given, at any time before final consummation. Walker, it seems, understood the arrangement and assented to it. The parties were ail bound to him, but not as makers; his understanding was therefore correct. But whether he considered them bound as principals or not was immaterial. His understanding could not change the legal effect of the contract. He had assented to an arrangement which made Moore and Emanuel liable as endorsers only, and his assent is now binding. It was a change of the contract which must be regarded as obligatory. Hunt, Littlejohn, & Pugh, it seems, executed their note for their portion of the purchase money in pursuance of their contract entered into with Moore and Emanuel. Suppose that this note was given to Walker as a mere mode of payment, still the obligation to make a demand and give notice was the same as in ordinary cases. It was a mere transfer of a negotiable security in part payment of a lot of ground, and although the security was executed for that purpose, the case is not changed; notice was necessary. It does not differ from an ordinary transfer of a note in payment for property. The whole of *561 the testimony of Walker shows no other than a mere case of the transfer of a note in part payment for property. It is not distinguishable from the cases of every day’s occurrence.
The question may be tested in this way: Suppose Moore and Emanuel had paid this note at maturity, would they have had a remedy against Hunt, Littlejohn & Pugh ? If they would, then notice was necessary. It must certainly be manifest that they would have a remedy. The note had been given to Moore and Emanuel in payment of part of a lot of ground, purchased of them by H., L., & P., certainly if it was not paid the remedy was palpable. That it was given with a view to a transfer to Walker on a purchase of the same ground by Moore and Emanuel, does not alter the case. The object of the law in requiring notice, is, that parties may protect their rights, and wherever such rights may be jeopardized, the notice must be given. The proposition-of Emanuel and Moore was to become liable as endorsers, and it was acceded to by Walker. As the judgment must be reversed for this error, it is unnecessary that the second assignment should be noticed.
New trial granted.